## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 14 2019, 9:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jesse W. Lepley,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 14, 2019

Court of Appeals Case No.
18A-CR-2850

Appeal from the Noble Superior Court

The Honorable Robert E. Kirsch, Judge

Trial Court Cause No.
57D01-1710-F1-1

**Najam, Judge.**

# Statement of the Case

Jesse W. Lepley appeals his conviction for battery, as a Level 5 felony, following a jury trial.[1] Lepley raises a single issue for our review, namely, whether the State presented sufficient evidence to support his conviction. We affirm.

# Facts and Procedural History

On August 22, 2017, Indiana Department of Child Services Family Case Manager Marie Kidd ("FCM Kidd") received a report of potential child abuse against J.S., who at the time was eight years old. FCM Kidd immediately observed that J.S. had a black eye. J.S. also showed FCM Kidd other injuries, namely, scratches and redness on his back, arm, and chin.

J.S. reported to FCM Kidd that his step-father, Lepley, had hit him.[2] FCM Kidd contacted local law enforcement, and she proceeded to J.S.'s residence with an officer. Lepley answered the door, and, when asked about the alleged battery of J.S., he stated that J.S. had fallen down the stairs.

---

[1] Over the course of multiple fact-finding hearings in this same trial court cause number, Lepley was also convicted of several other offenses, which he does not challenge in this appeal. And, while Lepley filed his notice of appeal prior to the finalization of all of those proceedings in the trial court, there is no dispute that those proceedings have since become final and that this Court therefore has jurisdiction over this appeal.

[2] Although neither FCM Kidd nor J.S. expressly testified that J.S. had made this report to FCM Kidd, it is the reasonable and obvious inference from FCM Kidd's ensuing course of conduct. In any event, we note this inference here simply for context.

[4]     Meanwhile, a forensic nurse practitioner, Leslie Cook, at the Forensic Medical Center examined J.S.'s injuries. During that examination, J.S. reported to Cook that he had had "a bad day at school" that resulted in him being upset at home. Tr. Vol. 2 at 184. In response to J.S. being upset, Lepley "hit [J.S.] right in the eye with his hand . . . ." *Id.*

[5]     The State charged Lepley with battery, as a Level 5 felony. During his ensuing jury trial, FCM Kidd testified, and the State had admitted into the record a statement from Cook regarding her evaluation of J.S. J.S. also testified. In his testimony, he stated:

> Q      [D]id you ever go to school with a black eye?
>
> A      Yes.
>
> Q      Can you tell the ladies and gentlemen of the jury how you got your black eye? What happened? I want to hear the whole story.
>
> A      My step dad kicked me in the eye.
>
> Q      Why did he do that?
>
> A      Because he got angry at me.
>
> Q      Why?
>
> A      Because I was crying at my desk.

*Id.* at 123-24.  The jury found Lepley guilty of the battery charge, and this appeal ensued.

## Discussion and Decision

[6] On appeal, Lepley asserts that the State failed to present sufficient evidence that he committed battery, as a Level 5 felony.  When reviewing the sufficiency of the evidence to support a conviction, we do not reweigh the evidence or judge witness credibility.  *E.g.*, *B.T.E. v. State*, 108 N.E.3d 322, 326 (Ind. 2018).  We consider only the evidence favorable to the judgment and the reasonable inferences supporting it.  *Id.*  We will affirm if a reasonable trier of fact could have concluded that the defendant was guilty beyond a reasonable doubt.  *Id.*

[7] Lepley's only argument on appeal is that J.S.'s testimony was incredibly dubious because J.S. testified that Lepley had kicked him in the eye but J.S. told Cook during the forensic examination that Lepley had hit him in the eye with Lepley's hand.  As our Supreme Court has made clear:

> Under our "incredible dubiosity" rule, we will invade the jury's province for judging witness credibility only in exceptionally rare circumstances.  The evidence supporting the conviction must have been offered by a sole witness; the witness's testimony must have been coerced, equivocal, and wholly uncorroborated; it must have been "inherently improbable" or of dubious credibility; and there must have been no circumstantial evidence of the defendant's guilt.

*McCallister v. State*, 91 N.E.3d 554, 559 (Ind. 2018).

[8] We conclude that the incredible dubiosity rule does not apply here for at least two reasons. First, J.S.'s testimony to the jury was not inconsistent. He testified that Lepley kicked him in the eye, and he gave no other explanation during his testimony for his black eye. The other, inconsistent evidence, that Lepley struck J.S. with Lepley's hand, was contained in Cook's written report and admitted into evidence well after J.S. testified. The incredible dubiosity rule applies only when a sole witness's testimony is "inherently improbable," not when other admissible evidence calls a witness's credibility into question. *See id.*

[9] Second, despite Lepley's assertions on appeal, the evidence supporting Lepley's battery conviction was not based on a sole witness. While FCM Kidd and Cook did not witness the alleged battery, they did personally observe injuries that were consistent with, and thus corroborated, the alleged battery. Accordingly, Lepley's argument that the State failed to present sufficient evidence to support his conviction under the incredible dubiosity rule fails, and we affirm his conviction.

[10] Affirmed.

Baker, J., and Robb, J., concur.